MARATHON FINANCE CORPORATION, Appellant, vs. MATHEOS, Defendant: STATE BANK OF CENTURIA, Respondent.

*April 17—July 7, 1941.*

For the appellant there were briefs by *Nelton & McGinnis* of Balsam Lake, attorneys, and *William F. Krueger* of Wausau of counsel, and oral argument by *Mr. Krueger*.

For the respondent there were briefs by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

The following opinion was filed May 20, 1941:

FOWLER, J. On September 26, 1939, defendant Matheos purchased a new truck. On the same day he executed to the vendor a conditional sales contract in which the motor number and the serial number of the truck were incorrectly stated,

the one as 6,080 instead of 60,806 and the other as 59,190 instead of 59,790. On the following morning the defendant executed to the vendor another conditional sales contract correctly stating these numbers. The latter contract was on September 28th sold and delivered by the vendor to the plaintiff for value. The plaintiff on September 29th, filed the contract it purchased with the register of deeds of Barron county, instead of the Polk county register of deeds. Polk county was the vendee's residence and the proper county for filing the contract. The plaintiff on discovering the mistake in filing refiled the contract in Polk county on January 26, 1940.

The contract first executed was by the vendor assigned for value to the intervening defendant bank on October 14, 1939, and filed with the Polk county register of deeds on October 16, 1939. The plaintiff on October 5, 1939, notified Matheos of its ownership of the contract assigned to it and Matheos thereafter made several payments to the plaintiff. Matheos in January, 1940, first learned that the bank claimed he owed it the purchase price of the truck upon the contract assigned to it. The plaintiff's contract called for payments of $792 in consecutive monthly payments of $44 each. The bank's contract called for payments of $944 in one payment of $344 on December 26, 1939, and two of $300 each on January 26, 1940, and March 26, 1940, respectively. Matheos defaulted in his payments to the plaintiff and the plaintiff on April 18, 1940, commenced the action and the sheriff took the truck on the writ of replevin and delivered it to the plaintiff. No payments were made by Matheos to the bank. The bank intervened and made claim to the truck under its contract. Trial was had to the court which found the facts as above stated, and further found that the defendant Matheos had but the one truck, that the filing of its contract by the bank was constructive notice of its contents and its description was such that inquiry would have informed the plaintiff that the truck was the same one that its own contract covered. On these

facts the court concluded that the bank was entitled to the possession of the truck. The plaintiff had disposed of the truck at the time of the trial and the parties stipulated the value of the truck at $600. The bank elected under sec. 270.59, Stats., to take a money judgment for that amount and costs and judgment was so entered.

The trial judge filed an opinion in writing from which it appears that he took the view that as the bank's contract was first filed its claim to the truck was by virtue of that filing superior to the claim of the plaintiff under its contract, and failed to consider whether on the facts found the bank's contract was valid. The filing statute on which the court rested its decision, sec. 122.05 (1), Stats., is as follows:

"Every provision in a conditional sale reserving property in the seller, shall be void as to *any purchaser from or creditor of the buyer,* who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale."

This statute is beside the case. The bank was not a purchaser of the truck from Matheos, nor was it a creditor of Matheos. The transfer to the bank of the first contract was manifestly a fraud as against Matheos. The evidence shows that plaintiff's contract was executed by Matheos to take the place of the one signed the day previous. The contract first signed had no legal existence after the execution of the second contract that covered the same transaction and the same truck. The vendor could not recover from Matheos on that contract. That contract was a nonnegotiable instrument. The contract being nonnegotiable, the bank acquired by assignment no greater rights against Matheos than were possessed by its assignor. Sec. 116.02, Stats. *Malas v. Lounsbury,* 193 Wis. 531, 214 N. W. 332.

For the reasons above stated, the judgment of the county court is reversed, and the record remanded with directions to

enter judgment in replevin awarding the possession of the truck to the plaintiff with costs against the interpleaded bank.

*By the Court.*—The judgment of the county court is reversed with directions to enter judgment in accordance with the opinion.

A motion for a rehearing was denied, with $25 costs, on July 7, 1941.